UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DIONNE K. THOMPSON,

        Plaintiff,

-v-                                   No. 11 Civ. 5635 (LTS)(RLE)

AMERIFLEX et al.,

        Defendants.

-------------------------------------------------------x

## ORDER

On August 30, 2012, Plaintiff Dionne K. Thompson ("Plaintiff") moved for entry of a default judgment against Defendant Ameriflex ("Ameriflex").[1] Ameriflex subsequently retained counsel, who filed an appearance on September 10, 2012, and, on September 20, 2012, filed a brief in opposition to Plaintiff's motion. As this case arises under the Employment Retirement Income Security Act ("ERISA"), the Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f). The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Plaintiff's motion for default judgment is denied.

## BACKGROUND

Plaintiff filed an Amended Complaint on November 1, 2011, asserting claims against Defendants Ameriflex, Employee Benefits Union Security Life Insurance Company or Long Island Benefits Group, and Assurant Employment Benefits ("Assurant"). Plaintiff's clams against Ameriflex relate to Ameriflex's alleged failure as the administrator of Plaintiff's COBRA

---

[1] The Court had issued an Order granting the Plaintiff permission to file a motion for default judgment on July 12, 2012.

plan to provide notices and to respond to requests for information as required under ERISA. Plaintiff was ordered to serve all of the Defendants within 120 days after the Clerk of the Court issued the Summons in the case, which occurred on November 1, 2011.

On January 3, 2012, Plaintiff moved for an extension of time to effect service, which was denied subject to renewal because, at that time, Plaintiff still had 59 days left in which to serve all of the Defendants. On March 26, 2012, after the 120-day period for service had expired, Plaintiff again moved for an extension of time to serve the Summons on Defendant Ameriflex. That motion was never decided because, on April 19, 2012, Plaintiff filed the Marshal's process receipt verifying that Ameriflex had been served in New Jersey. Service was accepted by Jonathan Harris, an operations manager for one of Ameriflex's satellite offices, as Ameriflex's headquarters had moved from New Jersey to Texas in 2010.

On July 12, 2012, the Court issued an order permitting Plaintiff to file a motion for default judgment and requiring that the motion be "accompanied by evidence, in admissible form, of such facts as [the plaintiff] would have proffered to meet its burden of proof on its direct case had a trial been held in this action." On August 30, 2012, the Plaintiff filed the instant motion, with supporting papers.

## DISCUSSION

"When the defaulted defendant opposes default judgment, courts treat the opposition as a motion to vacate entry of default and examine whether good cause exists to vacate the entry." Capitol Records v. Defries, No. 11 Civ. 6808(PKC), 2012 WL 3041583, at *5 (S.D.N.Y. July 20, 2012) (citations omitted)). "The Second Circuit has described default judgments as 'the most severe sanction which the court may apply,' stating that they are

'generally disfavored and are reserved for rare occasions.'" St. Paul Mercury Ins. Co. v. M & T Bank Corp., No. 12 Civ. 6322(JFK), 2012 WL 6043703, at *2 (S.D.N.Y. Dec. 5, 2012). "A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). "A sanction so drastic as . . . entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990). In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

The record before the Court is not indicative of wilful default or bad faith conduct by Ameriflex. Nor was the delay after the service of the Amended Complaint long enough to work any significant prejudice on Plaintiff – the Amended Complaint was served on Ameriflex on March 15, 2012, the default judgment motion was filed on August 30, 2012, and Ameriflex appeared by counsel on September 10, 2012. Summary judgment motions interposed by Defendants Assurant and Long Island Benefits Group are not yet fully briefed. As for prejudice, "delay standing alone does not establish prejudice." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). "The fact that [the plaintiff] will have to go forward with the merits of the case rather than simply obtaining a default judgment [ ] does not constitute prejudice." Maule v. Philadelphia Media Holdings, LLC, No. 08 Civ. 3357, 2009 WL 57022, at *2 (E.D.Pa. Jan. 9, 2009). Furthermore, Ameriflex asserts that it has a meritorious defense in that Ameriflex's

contract with InterFlex Payments, LLC ("Interflex") and William E. Good limited its assumption of any relevant liability.

## CONCLUSION

For the foregoing reasons, and in particular, in light of the strong preference for cases to be adjudicated on the merits, Plaintiff's motion for a default judgment against Ameriflex is denied and Ameriflex is ordered to file and serve its response to Plaintiff's Amended Complaint by **Thursday, January 31, 2013.** This Order resolves docket entry number 69.

SO ORDERED.

Dated: New York, New York
January 11, 2013

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
United States District Judge