```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/07/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIONNE K. THOMPSON,

                              **Plaintiff,**

          - against -

AMERIFLEX, LONG ISLAND EMPLOYEE
BENEFIT GROUP, ASSURANT EMPLOYEE
BENEFITS,

                              **Defendants.**

MEMORANDUM
OPINION AND ORDER

11 Civ. 5635 (LTS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Dionne Thompson's Motion to Compel Discovery (Docket # 28), Motion to Use Deposition at Trial (Docket # 61), and two Motions for Judicial Notice (Docket # 74 and Docket # 76). Defendants Long Island Employee Benefits Group Ltd. ("LIEBG") and Union Security Life Insurance Company of New York ("USLICNY") (incorrectly pleaded as "Assurant Employee Benefits") filed oppositions to each of Thompson's motions. For the reasons which follow, Thompson's motions are **DENIED**.

## II. DISCUSSION

Thompson asks this Court to take judicial notice of certain "facts" regarding Defendants in both of her Motions to Compel Discovery. The Federal Rules of Evidence provide that courts may only take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Such facts must either be "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Alvary v.*

*United States*, 302 F.2d 790, 794 (2d Cir. 1962). Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b). *See* Fed. R. Evid. 201(b) advisory committee notes. Here, Thompson fails to allege any facts that are not subject to reasonable dispute. By way of an example, Thompson alleges that she made "over 50 requests" to Defendant Ameriflex to provide her with her Summary Plan Description and COBRA documents, (Pl.'s 9/24/12 Mot. For Judicial Notice, ¶ 2), and that LIEBG and USLICNY "failed to timely comply with a plan document request" she made, (Pl.'s 10/12/13 Mot. For Judicial Notice, ¶¶ 2, 4). These "facts" are not the type of indisputable facts subject to judicial notice, and these motions are **DENIED**.

As to Thompson's Motion to Use Deposition at Trial, Thompson requests that she be allowed to use at trial – in lieu of live oral testimony– the deposition testimony of Verona Greenland, chief executive officer of Morris Heights Health Center. As the scope of inquiry for purposes of discovery is generally broader than the test of admissibility at trial, *see* Fed. R. Civ. P. 26(b)1, it is not appropriate for the Court to make admissibility determinations at this phase of the litigation. Therefore, Thompson's Motion to Use Deposition at Trial is **DENIED** without prejudice.

As to Thompson's Motion to Compel Discovery, Thompson moves the Court for an order compelling discovery "on the basis that Defendants abovementioned have violated ERISA regulations." (Pl.'s Mot. To Compel Discovery, 1.) Under Federal Rule of Civil Procedure 37(a)(3)(B), a party may move to compel discovery, but only where another party has failed to respond to a discovery request. Fed. R. Civ. P. 37(a)(3)(B); *City of New York v. Venkataram*, No. 06 Civ 6578 (NRB), 2012 WL 2921876 at *1 (S.D.N.Y. Jul. 18, 2012). In her motion,

Thompson lists questions that she maintains remain at issue in this case, but neither states that she served any discovery requests on Defendants prior to filing her motion, nor states what specific discovery she seeks. Indeed, Defendant USLICNY argues that it never was served with any discovery request from Thompson and that she made no attempt to resolve any discovery dispute prior to filing her motion. (Def. USLICNY Mem. In Opp. To Dionne K. Thompson's Mot. To Compel Discovery, 1-2.)   Thompson's motion is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Thompson's Motion to Compel Discovery (Docket # 28), Motion to Use Deposition at Trial (Docket # 61), and two Motions for Judicial Notice (Docket # 74 and Docket # 76) are **DENIED**.

**SO ORDERED this 7th day of March 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

A Copy of this Order was sent to:

Pro se Plaintiff
Dionne K. Thompson
3330 Tieman Avenue
Bronx, N.Y. 10469