UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DIONNE K. THOMPSON,

           Plaintiff,

    -v-                                          No.  11 Civ. 5635 (LTS)(RLE)

AMERIFLEX et al.,

           Defendants.

--------------------------------------------------------x

ORDER

        Pro se Plaintiff Dionne K. Thompson moves, for the second time, for certification of an order for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court previously denied Plaintiff's motion for interlocutory appeal by Order dated January 10, 2013 (docket entry number 94).  Accordingly, Plaintiff's pending motion for the same is construed as a motion for reconsideration of the Court's previous January 10, 2013, Order.  The Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132(e) and (f).[1]

        The standard of review for a motion for reconsideration, pursuant to Local Civil Rule 6.3, is the same as that under Federal Rule of Civil Procedure 59(e).  Word v. Croce, No, 00 Civ. 6496(SAS), 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001).  "The standard for granting a motion to reconsider 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  In re Deutsche Bank AG Securities Litigation, No. 09 Civ. 1714(DAB), 2012 WL 3297730, at *1

---

[1]     The background of this case is detailed most recently in the Court's March 19, 2013, Orders.

(Aug. 10, 2012) (citation omitted).  The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court."  <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Plaintiff's prior application for interlocutory appeal was denied because there was no relevant Court Order that could have been reviewed by the appellate court.  Rather, Plaintiff sought premature appellate review of arguments proffered by the Defendants.  Plaintiff has not pointed to any controlling decisions of law or facts that the Court overlooked in issuing the January 10, 2013, Order.

Accordingly, Plaintiff's motion is denied.  This Order resolves docket entry number 113.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purposes of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  New York, New York
        April 8, 2013

_____
         /S
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Dionne K. Thompson
3330 Tieman Avenue
Bronx, New York 10469