UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DIONNE K. THOMPSON,

        Plaintiff,

  -v-                                        No.  11 Civ. 5635 (LTS)(RLE)

AMERIFLEX, et al.,

        Defendants.
-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Dionne K. Thompson ("Plaintiff") brought this action against AmeriFlex, Inc. ("AmeriFlex"), Union Security Life Insurance Company of New York, incorrectly referred to in the Amended Complaint as "Assurant" ("USLICNY"), and Long Island Employee Benefits, Group, Ltd. ("LIEBG") (collectively, "Defendants"), pursuant to the Employee Retirement Income Security Act as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), alleging that Defendants violated ERISA in connection with the payment and determination of her benefits, and the provision of information, under long-term disability and pension plans maintained by Plaintiff's former employer, Morris Heights Health Center ("Morris Heights"). The Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132(e) and (f).

AmeriFlex is the only defendant remaining in this suit.[1] Plaintiff's Amended Complaint and her briefing in opposition to this motion, liberally construed, assert claims against

---

[1] USLICNY and LIEBG previously moved for summary judgment, which was granted by the Court on March 19, 2013, and resulted in their termination from this case.

AmeriFlex, as her COBRA[2] plan administrator, based on AmeriFlex's alleged failure to notify her as to her eligibility for COBRA benefits upon the termination of her employment, in violation of 29 U.S.C. § 1166(a)(4).  AmeriFlex now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that it was not the proper entity to be sued in this case.  The Court has considered carefully the parties' submissions and arguments.  For the following reasons, AmeriFlex's motion is granted.

## BACKGROUND[3]

The facts of this case have been discussed extensively in prior Memorandum Opinions and Orders by the Court and most recently, in the Count's March 19, 2013, Order granting USLICNY's and LIEBG's motions for summary judgment.  (Docket Entry No. 110.)  Only the facts most relevant to the current motion are discussed below.  AmeriFlex previously moved to dismiss Plaintiff's Amended Complaint, asserting that the current AmeriFlex entity is a successor company to a prior AmeriFlex entity and that, because the current AmeriFlex entity

---

[2]   Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-68.

[3]   The following facts are undisputed unless otherwise noted.  As Plaintiff received notice and did not respond to AmeriFlex's Local Civil Rule 56.1 Statement, Ameriflex's Statement is deemed admitted for the purposes of the instant motion.  See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) ("[g]enerally, the plaintiff['s] failure to respond or contest the facts set forth by the defendant[ ] in [its] Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed").  Nevertheless, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion." Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citation omitted).  Accordingly, the Court has reviewed all of the evidence in the record relating to this motion.

did not assume liability for the prior entity's actions during the period in question, the Plaintiff's claims against it should be dismissed.  The Court held that AmeriFlex's Asset Purchase Agreement, which specified the division of responsibility between the two companies, was not properly considered by the Court on a motion to dismiss, especially in light of Plaintiff's pro se status.  (See March 19, 2013, Order, Docket entry No. 111.)

AmeriFlex's motion to dismiss was, therefore, denied, without prejudice to renewal as a properly-noticed summary judgment motion.  (Id. at 4.)  Because Plaintiff's Amended Complaint only broadly alleges claims against AmeriFlex, the Court also held that, if the Plaintiff filed any opposition to AmeriFlex's anticipated summary judgment motion, she had to proffer facts explaining her claim(s) against Ameriflex and why the current AmeriFlex company was liable for those claim(s).  (Id.)

In her Amended Complaint, Plaintiff alleges that the factual bases for her claims began "in or about January of 2008," shortly after her employment with Morris Heights ended on December 21, 2007.  (Am. Compl. at 3, Pl. Opp. to AmeriFlex's Mot. for Summary Judgment at 17-18.)  In her opposition to AmeriFlex's motion for summary judgment, Plaintiff alleges that AmeriFlex was the "designated plan administrator" for her COBRA benefits and failed to comply with its statutory duty to provide notice to the Plaintiff of her benefit options, even after she made multiple requests to AmeriFlex, and that she "was victimized by Defendant, ("Ameriflex") and their inequitable and/or poorly funded plan(s)."  (Pl. Opp. to AmeriFlex's Mot. for Summary Judgment at 14, 17-20.)  Ultimately, AmeriFlex sent Plaintiff her COBRA forms on March 25, 2008, approximately three months after her employment was "effectively terminated," and gave Plaintiff the opportunity to enroll in COBRA retroactive to the date that

her employment ended. (Id. at 21, 27); see also Thompson v. Morris Heights Health Center, No. 09 Civ. 7239(PAE)(THK), 2012 WL 1145964, at *2 (Apr. 6, 2012).

In support of its motion for summary judgment, AmeriFlex offers evidence demonstrating that, on April 19, 2010, InterFlex Payments, LLC ("InterFlex") purchased certain assets of AmeriFlex, LLC, a New Jersey limited liability company, through an agreement (the "Agreement") with AmeriFlex, LLC as the Seller and William E. Good as a member of the Seller Group. (Def. 56.1 Stmt. ¶ 8, Roger Abramson Affidavit (hereinafter "Abramson Aff.") InterFlex agreed to pay to AmeriFlex, LLC $200,000 each month for a period of 96 months, for a total payment equal to $19,200,000, to acquire AmeriFlex, LLC's assets. (Def. 56.1 Stmt. ¶ 9, Abramson Aff., Ex. 1 at 3-4.)

Upon the close of the sale of AmeriFlex, LLC to InterFlex, the Agreement established that InterFlex would assume only "Ordinary Course Obligations" as liabilities from the Seller. (Def. 56.1 Stmt. ¶ 10, Abramson Aff, Ex. 1 at 3).) "Ordinary Course Obligations" are defined in Section 8.14 of the Agreement as: "recurring Liabilities incurred in the normal course of operation of the Business, consistent with past practice, but do not include any Liabilities resulting from a violation of Law or any Liabilities under an agreement that result from any breach or default . . ." (Def. 56.1 Stmt. ¶ 11, Abramson Aff, Ex. 1 at 3, 26.) The Agreement provides further that AmeriFlex, LLC, as the Seller (not InterFlex, which became AmeriFlex, Inc.), would retain and that Mr. Good would cause Ameriflex, LLC, to retain and discharge, certain "Excluded Liabilities," including "Liabilities relating to Litigation" or "any violations of Law prior to the Closing." (Abramson Aff, Ex. 1 at 3.)

Article 1.4 of the Agreement explains specifically that AmeriFlex, LLC, with Mr. Good, will retain and discharge: "(a) Liabilities in respect of any of the Excluded Assets; (b)

Liabilities relating to Litigation . . . or any violations of Law prior to the Closing . . .(g) any undisclosed Liability; (h) Liabilities incurred other than in the Ordinary Course of Business prior to the Closing; and (i) any other Liability that is not an Assumed Liability."  (Id.)  Accordingly, by the plain terms of the Agreement, the current AmeriFlex entity has not assumed any liabilities relating to litigation or alleged violations of the law that occurred before May 10, 2010, which was the closing date of the Agreement.  (Def. 56.1 Stmt. ¶ 13, Abramson Aff. at ¶ 8.)

DISCUSSION

In ruling on a motion for summary judgment, the court must determine whether, "construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Federal Rule of Civil Procedure 56(a)).  A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," with the court drawing "all justifiable inferences" in favor of the nonmoving party.  Id. at 248, 255.  However, a party cannot survive a motion for summary judgment based on "conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted).

Because Plaintiff is proceeding pro se, her submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  Triestman v. Fed Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  "However, this forgiving standard 'does not relieve plaintiff of his [or her] duty to

meet the requirements necessary to defeat a motion for summary judgment.'" <u>Gantt v. Horn</u>, No. 09 Civ. 7310(PAE), 2013 WL 865844, at *4 (S.D.N.Y. Mar. 8, 2013) (citing <u>Jorgensen v. Epic/Sony Records</u>, 351 F.3d 46, 50 (2d Cir. 2003)). "Bald assertions by a <u>pro se</u> litigant, completely unsupported by evidence, [are] not sufficient to overcome a motion for summary judgment." <u>Id.</u> (internal quotation marks and citations omitted).

<u>AmeriFlex, Inc. is Not Liable under its Asset Purchase Agreement with AmeriFlex, LLC</u>

Plaintiff has sued Ameriflex for allegedly failing to provide proper notice to Plaintiff regarding her COBRA benefits between approximately December 2007 and April 2008. (Pl. Opp. to AmeriFlex's Mot. for Summary Judgment at 17-18, 43.) Plaintiff's claims predate the Agreement, which was finalized on April 19, 2010, whereunder InterFlex acquired AmeriFlex, LLC's Assets, and the Seller Group (or the original AmeriFlex, LLC) expressly retained liability for any causes of action that arose before May 10, 2010. "New York has long adhered to the sound rule in the construction of contracts that where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language." <u>Soroof Trading Dev. Co., Ltd., v. GE Fuel Cell Sys., LLC</u>, 842 F. Supp. 2d 502, 510 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); <u>see also</u>, <u>Danstan Properties v. Merex Corp.</u>, No. 09 Civ. 6137(RMH)(RLE), 2011 WL 135843, at *5 (S.D.N.Y. Jan. 7, 2011) (granting summary judgment because the Asset Purchase Agreement between the parties did not transfer liabilities).

Moreover, "[u]nder traditional common law, including the law of this state, 'a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities.'" <u>In re Grumman Olson Industries, Inc.</u>, 467 B.R. 694, 700 (S.D.N.Y. 2012) (citing <u>New York v. Nat'l Serv. Indus., Inc.</u>, 460 F.3d 201, 209 (2d Cir. 2006)). "Courts have

traditionally crafted specific exceptions to this rule where '(1) the successor corporation expressly or impliedly agrees to [assume the liabilities of the predecessor entity], (2) the transaction may be viewed as a de facto merger, (3) the successor is the mere continuation of the predecessor, or (4) the transaction is fraudulent.'" In re Grumman Olson Industries, Inc., 467 B.R. at 205.  Plaintiff alleges that AmeriFlex's successor corporation InterFlex is an alter ego of the original AmeriFlex company and so its corporate veil should be pierced and essentially, the two companies should be treated as one.  (Pl. Opp. to AmeriFlex's Mot. for Summary Judgment at 33-36.)  Plaintiff, however, does not offer any evidence in support of this assertion, nor does she show why the Court should not apply the plain language of the contract between the two entities.  A party cannot survive a motion for summary judgment based on "conclusory allegations or unsubstantiated speculation." Jeffreys, 426 F.3d at 554.  Accordingly, Plaintiff's claims against AmeriFlex, Inc., which is the current AmeriFlex entity and the defendant who has appeared in this action, are dismissed.

Plaintiff Claims Against any Other AmeriFlex Entity are Barred by the Statue of Limitations

In light of the briefing here, it is now clear that Plaintiff's claims against AmeriFlex, the COBRA plan administrator, are based solely on AmeriFlex's alleged failure to notify her as to her eligibility for COBRA benefits pursuant to 29 U.S.C. § 1166(a)(4). "COBRA permits an employee to continue to receive health benefits at the group rate even after the termination of his employment" and a plan administrator's failure to notify the beneficiary of COBRA eligibility can give rise to statutory damages against the plan administrator. Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276, 2004 WL 829158, at *12 (S.D.N.Y. Apr. 15, 2004) (citing 29 U.S.C. §§ 1132(c)(1), 1161(a) and 1163)).

Although there is no applicable federal statute of limitations for claims arising under COBRA, courts in this District have applied a "three-year time bar that generally governs actions arising under a right created or imposed by a New York State statute, as prescribed in N.Y. C.P.L.R. 214(2)." See, e.g., Capobianco v. Sandow Media Corp., Nos. 11 Civ. 3162(LAP), 11 Civ. 3163(LAP), 2012 WL 4561761, at *6 (S.D.N.Y. Sept. 29, 2012) (citing Treanor v. Metro. Transp. Auth., 414 F. Supp. 2d 297, 302-03 (S.D.N.Y. 2005) (liability under COBRA's notice requirements can be analogized to a New York statutory claim for unfair insurance practices)). It is clear that this claim is brought under COBRA, as "plaintiff's claim for damages is solely under COBRA and another federal statute, 29 U.S.C. § 1132(c)(1), which provides for fines in the event of a violation of COBRA. With this in mind, it is necessary to apply the three-year statute of limitations." Slupinski v. Oxford Health Plans, No. 05 Civ. 9240(TPG), 2007 WL 2815690, at *2 (S.D.N.Y. Sept. 26, 2007). Plaintiff commenced this action on August 2, 2011, more than three years after her cause of action for improper COBRA notification accrued, following her termination in December 2007. Plaintiff's COBRA claims against any AmeriFlex entities are, therefore, time-barred even if she could relate these claims back to her first Complaint. Accordingly, there are no genuine issues of material fact that remain in this case.

## CONCLUSION

For the foregoing reasons, Defendant Ameriflex's motion for summary judgment is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Order would not be taken in good faith, and therefore in forma pauperis status is

denied for the purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This Memorandum Order resolves Docket Entry Number 116.  As this Memorandum Order resolves the remainder of the claims in this case, docket entry numbers 78, 87, 88, 121 and 125 are denied as moot.  The Clerk of Court is hereby requested to enter judgment dismissing the Amended Complaint in its entirety and to close this case.

SO ORDERED.

Dated:  New York, New York
        August 16, 2013

                                                              /S
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge

Copy mailed to:
Dionne K. Thompson
3330 Tieman Avenue
Bronx, New York 10469